# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: December 18, 2024

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | * | |
| MUHAMMAD ALQULISSI, | * | PUBLISHED |
| | * | |
| Petitioner, | * | No. 22-1511V |
| | * | |
| v. | * | Special Master Nora Beth Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | Interim Attorneys' Fees and Costs. |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * | * | |

Sean Franks Greenwood, The Greenwood Law Firm, Houston, TX, for Petitioner.
Zoe Wade, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON INTERIM ATTORNEYS' FEES AND COSTS**[1]

On October 13, 2022, Muhammad Alqulissi ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Act," "the Program," or "the Act"), 42 U.S.C. § 300aa-10 et seq. (2018)[2] alleging that he suffered from rheumatoid arthritis ("RA") following the administration of an influenza ("flu") vaccination on November 11, 2019. Petition at Preamble (ECF No. 1); Amended Petition at Preamble (ECF No. 22).

---

[1] Because this Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

1

On May 15, 2024, Petitioner filed a motion for interim attorneys' fees and costs, requesting compensation for the attorney who worked on his case. Petitioner's Application for Interim Award of Attorney's Fees and Expenses ("Pet. Mot."), filed May 15, 2024 (ECF No. 51). Petitioner's request can be summarized as follows:

**Attorneys' Fees** – $20,433.55
**Attorneys' Costs** – $5,567.97

Petitioner thus requests a total of $26,001.52. Respondent filed his response on May 23, 2024, stating that he "defers to the Special Master as to whether [P]etitioner has made a special showing to justify an award of interim attorneys' fees and costs under the particular circumstances of this case." Respondent's Response to Pet. Mot. ("Resp. Response"), filed Feb. 12, 2024, at 3 (ECF No. 52). Petitioner did not file a reply.

This matter is now ripe for adjudication. For the reasons discussed below, the undersigned **GRANTS IN PART** Petitioner's motion and awards $25,329.52 in attorneys' fees and costs.

I.      **DISCUSSION**

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. § 15(e)(1). When compensation is not awarded, the special master "may" award reasonable fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. If a special master has not yet determined entitlement, she may still award attorneys' fees and costs on an interim basis. Avera v. Sec'y of Health & Hum. Servs., 515 F.3d 1343, 1352 (Fed. Cir. 2008). Such awards "are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." Id. Similarly, it is proper for a special master to award interim fees and costs "[w]here the claimant establishes that the cost of litigation has imposed an undue hardship and that there exists a good faith basis for the claim." Shaw v. Sec'y of Health & Hum. Servs., 609 F.3d 1372, 1375 (Fed. Cir. 2010).

The claim appears at this point to have been brought in good faith and built on a reasonable basis. Moreover, the undersigned finds that an award of interim attorneys' fees and costs is appropriate here.

A.      **Attorneys' Fees**

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health & Hum. Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health & Hum. Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her]

2

experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by Respondent and without providing the Petitioner notice and opportunity to respond. See Sabella v. Sec'y of Health & Hum. Servs., 86 Fed. Cl. 201, 209 (2009).

A special master need not engage in a line-by-line analysis of Petitioner's fee application when reducing fees. Broekelschen v. Sec'y of Health & Hum. Servs., 102 Fed. Cl. 719, 729 (2011). Special masters may rely on their experience with the Vaccine Act and its attorneys to determine the reasonable number of hours expended. Wasson v. Sec'y of Health & Hum. Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. 1991), rev'd on other grounds and aff'd in relevant part, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." Saxton, 3 F.3d at 1521.

1. **Hourly Rates**

Here, Petitioner requests the following hourly rates for the attorneys, paralegals, and legal assistant that worked on this matter:

**Sean Greenwood – Attorney**
   2021: $425.00
   2022: $470.00
   2023: $495.00

**Janell Ochoa – Attorney**
   2021: $180.00
   2022-2023: $200.00

**Anna Carruth – Attorney**
   2021: $180.00

**Meagan Ward – Paralegal**
   2020: $160.00
   2021-2022: $170.00

**Jonathan Krupa – Paralegal**
   2022: $165.00
   2023: $175.00
   2024: $185.00

**Thomas Ambrosio – Legal Assistant**
   2023: $161.00

The undersigned finds that the requested rates are reasonable and in accordance with what these attorneys and paralegals have previously been awarded for their Vaccine Program

3

work.  See, e.g., Powell v. Sec'y of Health & Hum. Servs., No. 20-1726V, 2024 WL 1996715, at *2 (Fed. Cl. Spec. Mstr. Apr. 11, 2024); Ambriz v. Sec'y of Health & Hum. Servs., No. 15-502V, 2024 WL 945688, at *2 (Fed. Cl. Spec. Mstr. Jan. 25, 2024); Torres v. Sec'y of Health & Hum. Servs., No. 21-1356V, 2023 WL 9177302, at *3 (Fed. Cl. Spec. Mstr. Dec. 19, 2023); Carre v. Sec'y of Health & Hum. Servs., 20-1613V, 2023 WL 2645840, at *2 (Fed. Cl. Spec. Mstr. Feb. 24, 2023).  The undersigned will therefore award those rates in full.

### 2. Reduction of Billable Hours

In reducing an award of fees, the goal is to achieve rough justice, and therefore a special master may take into account their overall sense of a case and may use estimates when reducing an award.  See Florence v. Sec'y of Health & Hum. Servs., No. 15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (citing Fox v. Vice, 563 U.S. 826, 838 (2011)).  It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable.  Bell v. Sec'y of Health & Hum. Servs., 18 Cl. Ct. 751, 760 (1989).  Petitioner bears the burden of documenting the fees and costs claimed.

Upon review of the submitted billing records, the undersigned finds the majority of the time billed to be reasonable.  The timesheet entries are sufficiently detailed for an assessment to be made of the entries' reasonableness.  A small reduction, however, is necessary due to time billed for non-compensable administrative tasks (e.g., filing documents and retrieving, compiling, and preparing records).[3]  See Pet. Exhibit ("Ex.") 50.  "Clerical and secretarial tasks should not be billed at all, regardless of who performs them."  Paul v. Sec'y of Health & Hum. Servs., No. 19-1221V, 2023 WL 1956423, at *3 (Fed. Cl. Spec. Mstr. Feb. 13, 2023); see also Rochester v. United States, 18 Cl. Ct. 379, 387 (1989) (stating that services that are "primarily of a secretarial or clerical nature . . . should be considered as normal overhead office costs included within the attorneys' fee rates").

The undersigned also finds excessive and duplicative time billed for some tasks.  For example, Mr. Krupa billed 0.40 hours ($70.00) for drafting notice of intent to remain in the program, which was one sentence and presumably identical to other notices of intent to remain in the program filed in other cases.  Mr. Krupa also billed 0.20 hours ($35.00) for reviewing the case docket following reassignment to the undersigned on June 20, 2023, after he already billed for reviewing the notice of reassignment.  Additionally, on October 13 and 14, 2022, both Ms. Ochoa and Mr. Krupa both billed for drafting, reviewing, and finalizing Petitioner's petition, exhibits, and statement of completion, which is duplicative.

Some of these issues have previously been raised with this firm.  See Carre, 2023 WL 2645840, at *2-3; Powell, 2024 WL 1996715, at *2-3.  Therefore, given the number of issues,

---

[3] For example, see entries dated January 31, 2022, October 13, 2022, February 10, 2023, February 14, 2023, March 23, 2023, April 10, 2023, April 11, 2023, August 18, 2023, November 27, 2023, December 14, 2023, and December 27, 2023.  This is not an exhaustive list.

4

the undersigned finds a reduction of fees by 3% to be reasonable.[4]  See Powell, 2024 WL 1996715, at *3 (reducing fees by 5% for same issues).  This results in a reduction of $613.00.[5]

### B.   Attorneys' Costs

#### 1.   Expert Fees

Petitioner requests $4,500.00 for work performed by Dr. David Axelrod at a rate of $400.00 per hour.  Pet. Ex. 51 at 4.  This rate has previously been found reasonable.  See Powell, 2024 WL 1996715, at *3; Tipps v. Sec'y of Health & Hum. Servs., No. 16-867V, 2023 WL 2754559, at *3 (Fed. Cl. Spec. Mstr. Apr. 3, 2023).  Dr. David Axelrod spent 11.25 hours reviewing medical records, researching, and preparing one expert report totaling 24 pages.  Pet. Ex. 51 at 4; Pet. Ex. 22.  Given the complexity of this case, the undersigned finds this amount of time to be reasonable.  Therefore, Dr. Axelrod will be awarded $4,500.00 in accordance with the $400.00 hourly rate.

#### 2.   Miscellaneous Costs

Petitioner also requests $1,037.97 for miscellaneous costs, including the filing fee, medical records, and postage.  Pet. Ex. 50 at 10; Pet. Ex. 51.  The undersigned finds these costs reasonable.  Petitioner has provided adequate documentation for most of these costs.  However, the undersigned finds some discrepancies in the documentation for the expenses requiring reductions.

On June 6, 2022, Petitioner invoiced $108.42, when the receipt indicated the total was $108.02, resulting in a reduction of $0.40.  Pet. Ex. 51 at 6-7.  On November 7 and November 16, 2023, Petitioner invoiced $46.00 for the same medical records invoice.  Pet. Ex. 50 at 10.  Because this is duplicative, the undersigned will deduct $46.00.  Petitioner also invoiced for expenses on March 9, 2023 ($0.60), March 22, 2023 ($6.00), and March 23, 2023 ($6.00); however, no receipts for these expenses were provided.  As such, Petitioner will not be awarded for these costs, resulting in a further reduction of $12.60.  Petitioner may re-request these costs in her final fees motion along with supportive documentation.

Thus, the undersigned finds a reduction of $59.00[6] to be appropriate.

## II.   CONCLUSION

Based on all of the above, the undersigned finds that it is reasonable to compensate Petitioner and his counsel as follows:

---

[4] A special master need not engage in a line-by-line analysis of Petitioner's fee application when reducing fees.  Broekelschen, 102 Fed. Cl. at 729.

[5] $20,433.55 x 0.03 = $613.00.

[6] $0.40 + $46.00 + 12.60 = $59.00.

| | |
|---|---|
| Requested Attorneys' Fees: | $20,433.55 |
| Reduction of Attorneys' Fees: | - ($613.00) |
| Awarded Attorneys' Fees: | $19,820.55 |
| | |
| Requested Attorneys' Costs: | $5,567.97 |
| Reduction of Attorneys' Costs: | - ($59.00) |
| Awarded Attorneys' Costs: | $5,508.97 |
| **Total Attorneys' Fees and Costs:** | **$25,329.52** |

**Accordingly, the undersigned awards:**

**A lump sum in the amount of $25,329.52, representing reimbursement for reasonable interim attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel of record, Mr. Sean Greenwood.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this Decision.[7]

**IT IS SO ORDERED.**

                                                    **s/ Nora Beth Dorsey**
                                                    Nora Beth Dorsey
                                                    Special Master

---

[7] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.