# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

Filed: August 10, 2026

| | | |
|---|---|---|
| MUHAMMAD ALQULISSI, Petitioner, v. SECRETARY OF HEALTH AND HUMAN SERVICES, Respondent. | * | UNPUBLISHED<br>No. 22-1511V<br>Special Master Dorsey<br>Attorneys' Fees and Costs. |

Sean F. Greenwood, The Greenwood Law Firm, PLLC, Houston, TX, for Petitioner.
Traci R. Patton, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On October 13, 2022, Muhammad Alqulissi ("Petitioner"), filed a petition in the National Vaccine Injury Program[2] alleging that an influenza ("flu") vaccination administered to him on November 11, 2019 "was the cause-in-fact" of his seronegative rheumatoid arthritis ("RA") and elevated erythrocyte sedimentation. Petition at Preamble, ¶ 20 (ECF No. 1); Amended ("Am.") Petition at Preamble, ¶ 31 (ECF No. 22). On March 16, 2026, the undersigned issued a Decision dismissing Petitioner's petition. Decision dated Mar. 16, 2026 (ECF No. 83).

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018) ("Vaccine Act" or "the Act"). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On April 22, 2026, Petitioner filed an application for attorneys' fees and costs. Petitioner's Application for Award of Attorneys' Fees and Expenses ("Pet. App."), filed Apr. 22, 2026 (ECF No. 87). Petitioner requests compensation in the amount of $14,541.20, representing $9,941.20 in attorneys' fees and $4,600.00 in costs. Id. at 1. Respondent filed his response on December 1, 2025, stating he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Respondent's Response to Pet. App., filed Apr. 22, 2026, at 2 (ECF No. 88). Petitioner did not file a reply thereafter. The matter is now ripe for disposition.

Petitioner requests the following hourly rates for the work of her counsel: for Mr. Sean Greenwood, $545.00 per hour for work performed in 2024, $584.00 per hour for work performed in 2025, and $635.00 per hour for work performed in 2026; for Ms. Mariana Realpe Ledezma, $180.00 per hour for work performed in 2024 and $190.00 per hour for work performed in 2025; and for Mr. John Hebert, $219.00 per hour for work performed in 2025. Petitioner also requests rates between $180.00 and $229.00 for work of her counsel's paralegals from 2024 to 2026.

The undersigned finds the rates are consistent with what counsel have previously been awarded for their Vaccine Program work, and finds them to be reasonable herein.[3] The undersigned has reviewed the submitted billing entries and finds the total number of hours billed to be reasonable and will award them in full. Lastly, the undersigned has reviewed the requested costs and finds them to be reasonable and supported with appropriate documentation. Accordingly, the full amount of costs shall be awarded.

Therefore, the undersigned finds no cause to reduce the requested hours or rates, or the requested costs.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Based on the reasonableness of Petitioner's request, the undersigned **GRANTS** Petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards:**

**Petitioner is awarded attorneys' fees and costs in the total amount of $14,541.20, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

---

[3] Ms. Ledezma and Mr. Hebert were not admitted to practice in the USCFC at the time of their billing, and thus, the undersigned finds they appropriately billed at paralegal/clerical rates. See Kafer v. Sec'y of Health & Hum. Servs., No. 23-905V, 2025 WL 1443498, at *2 (Fed. Cl. Spec. Mstr. Apr. 14, 2025) ("An attorney who is not admitted to practice before this Court is not eligible to collect fees at an admitted attorney's rate for his work."); Hasanovic v. Sec'y of Health & Hum. Servs., No. 21-1828V, 2025 WL 1453776, at *2 (Fed. Cl. Spec. Mstr. Mar. 13, 2025); Schmidt v. Sec'y of Health & Hum. Servs., No. 17-0913V, 2020 WL 1528428, at *2 (Fed. Cl. Spec. Mstr. Feb. 25, 2020).

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this Decision.[4]

**IT IS SO ORDERED.**

**/s/ Nora Beth Dorsey**
Nora Beth Dorsey
Special Master

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.